Citation Nr: 1808258 
Decision Date: 02/08/18 Archive Date: 02/20/18

DOCKET NO. 13-28 667 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUES

1. Entitlement to service connection for a right knee disorder, to include as secondary to left knee degenerative disease. 

2. Entitlement to service connection for a back disorder to include as secondary to left knee degenerative disease. 

3. Entitlement to service connection for bilateral lower extremity radiculopathy, to include as secondary to a back disorder. 

4. Entitlement to service connection for a neck disorder, to include as secondary to left knee degenerative disease. 

5. Entitlement to service connection for a left foot disorder, to include as secondary to left knee degenerative disease. 

6. Entitlement to service connection for bilateral upper extremity impingement syndrome, to include as secondary to left knee degenerative disease. 

7. Entitlement to service connection for a left shoulder disorder, to include as secondary to left knee degenerative disease. 

8. Entitlement to service connection for a right shoulder disorder, to include residuals of a right shoulder rotator cuff tear, to include as secondary to left knee degenerative disease. 

9. Entitlement to service connection for an acquired psychiatric disorder, to include major mood disorder and generalized anxiety disorder.

10. Entitlement to an increased evaluation for left knee degenerative disease, evaluated as 10 percent disabling prior to April 7, 2010, and 20 percent disabling thereafter. 

11. Entitlement to a total disability evaluation based on individual unemployability (TDIU). 


ATTORNEY FOR THE BOARD

E. D. Anderson, Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from September 1970 to September 1973. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office in Huntington, West Virginia. 

The Veteran requested a Board hearing in conjunction with his appeal, and a hearing was scheduled in June 2014. The Veteran failed to appear for that hearing, and his hearing request is therefore considered withdrawn. 38 C.F.R. § 20.704(d) (2017). The Veteran testified at a formal Decision Review Officer hearing in March 2013, but due to technical difficulties, a transcript is not available. The Veteran was offered another RO hearing and declined. 

The Veteran was previously represented by a private attorney who is no longer accredited to represent claimants before VA. The Board sent the Veteran notice of this fact in June 2015 and provided him the opportunity to appoint a new representative. As the Veteran has not responded, he is considered to be representing himself. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In September 2015, the Board remanded this matter to the RO via the Appeals Management Center (AMC) in Washington, D.C. to obtain additional records and afford the Veteran VA medical examinations. Unfortunately, it is unclear from the record whether the RO substantially complied with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268 (1998). 
 
Per the instructions of the September 2015 Remand, a number of VA examinations including of the Veteran's low back, left foot, knees, neck, shoulders and arms, and peripheral nerves were requested. In April 2016, a single page was placed in the Veteran's claim folder indicating that a VA examination had been cancelled because the Veteran failed to show; however, it appears that this refers only to the VA examination of the Veteran's thoracolumbar spine. There is no information related to the remaining examinations associated with the Veteran's claims folder, although it appears that they were never conducted since there are no related examination reports. Unfortunately, based on the available evidence, the Board is unable to determine whether the Veteran also failed to report to these examinations or if they were canceled in error based on the Veteran's failure to report to a separate examination. 

Additionally, even assuming that the Veteran failed to report to all of the scheduled examinations, the Board is unable to determine whether he was provided appropriate notice of the scheduled evaluations. While the Veteran was sent a letter in March 2016 informing him of the Board's remand and requesting that he provide a waiver so that the RO could obtain private treatment records, there is nothing in the letter informing the Veteran that VA examinations will be scheduled. If a separate letter was sent to the Veteran notifying him of the date, time, and place of the scheduled examinations, it has not been associated with the Veteran's claims folder. Since it is unclear whether the Veteran even knew he was expected to attend the scheduled VA examinations, the Board concludes that it would be unfair to adjudicate his claim. Accordingly, the claim must again be remanded to reschedule the VA examinations ordered by the September 2015 Remand. Importantly, the Veteran must be afforded adequate notice of the date, time, and place of these examinations, and a copy of this notice should be associated with his claims folder.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for VA examinations to address the nature and etiology of the claimed bilateral shoulder, right knee, back, neck and left foot disorders, as well as radiculopathy of the lower extremities. The Veteran should be provided notice of the date, time, and place of the scheduled examinations, and a copy of this notice should be associated with his claims folder.

An entire copy of the claims file, including previously unreviewed records from the Social Security Administration (SSA), must be provided to the examiners for review, and the examination reports should reflect such review was accomplished. 

Any indicated tests or studies should be performed. Following a review of the claims file, and physical examination of the Veteran, the examiner is requested to address the following:

a. Taking into account the Veteran's documented complaints, as well as those provided at the physical examination, provide a current diagnosis of any bilateral shoulder, upper extremity impingement syndrome, right knee, cervical and/or lumbar spine, and left foot disabilities. For the purposes of this examination, the examiner is instructed that a "current disability" exists if diagnosed during the appeal period (March 2010), even if it has since resolved. 

b. For each disability diagnosed above, provide an opinion as to whether it is at least as likely as not (probability of at least 50 percent) that such disability is proximately due to or aggravated by his service-connected left knee degenerative disease, to include but not limited to a November 2006 fall and/or altered gait. In offering this opinion, the examiner is instructed that the phrase "result of" is insufficient to address the question of aggravation.

c. Describe the nature and etiology of any lower extremity radiculopathy or associated symptoms since June 2011, specifically commenting on whether there is objective evidence of a diagnosis of radiculopathy to account for the Veteran's subjective symptomatology. 

A complete rationale must be provided for all opinions expressed, including a discussion of the relevant evidence and medical principles which led to the conclusions reached.

2. Schedule the Veteran for a VA examination to address the nature and severity of his left knee degenerative disease. The Veteran should be notified of the date, time, and place of the scheduled examination, and a copy of this notice should be associated with his claims folder.

A complete copy of the claims file must be provided to the examiner for review, and the examination report should reflect such a review was accomplished. Any clinically indicated testing and/or consultations must be performed. Following review of the claims file and examination of the Veteran, the examiner is requested to address the following:

a. provide the range of flexion and extension of the left knee in degrees, and indicate whether the left knee exhibits pain, weakened movement, excess fatigability, or incoordination during flare ups or upon repetitive use. If feasible, this determination should be expressed in terms of the degree of any additional range of motion lost due to any of the above factors. 

b. Indicate whether the Veteran suffers from any recurrent subluxation or lateral instability and, if so, the functional effects of such on the Veteran's daily activities. 

3. After the development requested has been completed, the AOJ must review the examination reports to ensure that they are in complete compliance with the directives of this Remand. The AOJ must ensure that the examiners documented consideration of the VBMS and Virtual VA files. If any report is deficient in any manner, the AOJ must implement corrective procedures at once.

4. After completing the above, and any other development deemed necessary, readjudicate the Veteran's claims based on the entirety of the evidence. If the benefits sought on appeal are not granted to the appellant's satisfaction, he should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).